IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02133-LTB

PAUL M. HEIMBUCH,

      Plaintiff,

v.

[NO NAMED DEFENDANT],

      Defendant.

---

## ORDER DENYING MOTION TO RECONSIDER

---

      Plaintiff, Paul M. Heimbuch, currently is incarcerated at the El Paso County Criminal Justice Center in Colorado Springs, Colorado.  He filed *pro se* on October 9, 2012, a motion titled "Motion for Reversal of Dismissal Order" (ECF No. 11) in which he asks the Court to reconsider and vacate the Order of Dismissal (ECF No. 9) and the Judgment (ECF No. 10) entered in this action on September 20, 2012.

      The Court must construe the motion liberally because Mr. Heimbuch is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the motion will be construed as a motion for reconsideration, and will be denied.

      A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider Mr. Heimbuch's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  *See id.*

The Court dismissed the instant action without prejudice for Mr. Heimbuch's failure within the time allowed to cure all the deficiencies designated in the order of August 14, 2012 (ECF No. 3).  Specifically, Mr. Heimbuch did cure a designated deficiency by submitting on August 28, 2012, a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 together with a certified copy of his six-month trust fund account statement (ECF No. 5).  However, he failed to submit a Prisoner Complaint within the time allowed.  Nothing on the docket indicates that Mr. Heimbuch filed either a motion requesting an extension of time to submit a Prisoner Complaint or a motion asking the Court to mail him the Court forms he needed to cure this remaining

2

deficiency.

On consideration of the motion to reconsider and the entire file, the Court finds that Mr. Heimbuch fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The motion to reconsider will be denied. Mr. Heimbuch is reminded that the dismissal of the instant action was without prejudice. If he wishes to pursue his claims he may do so by initiating a new and separate action.

Accordingly, it is

ORDERED that the motion titled "Motion for Reversal of Dismissal Order" (ECF No. 11) that Plaintiff, Paul M. Heimbuch, filed *pro se* on October 9, 2012, and which the Court has treated as a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, is DENIED.

DATED at Denver, Colorado, this 31st day of October, 2012.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court